## ATTEMPT TO SECURE A DIVORCE IN FRAUD OF LAW.

Common Pleas Court of Hamilton County,
Division of Domestic Relations.

### PEARL B. JONES v. FRED R. JONES.

Decided, June, 1915.

*Divorce—Attempt to Secure by Obtaining Residence in Another State— Does Not Give Jurisdiction to Grant a Decree, When—Injunction Against Proceedings in the Courts of Another State.*

Where one of the parties to a marriage contract becomes a resident of another state for the sole purpose of obtaining a divorce while so resident, and a few days after the requisite time as provided by statute files a suit for divorce in a court of said state, his residence so obtained is not *bona fide* and gives the courts of said state no jurisdiction, and an action so filed will be disregarded by the courts of this state.

*Dickerson, Black & Dickerson*, for plaintiff.
*James G. Stewart,* contra.

HOFFMAN (Charles W.), J.

On May 1st, 1915, the plaintiff filed her petition for divorce against the defendant. In addition to the causes for divorce alleged in the petition, plaintiff states that the defendant is a resident, and domiciled in the state of Ohio and that he has never had a residence in any other state, territory or place, but

that defendant desiring to evade the laws of Ohio in relation
to divorce and alimony, and subject the plaintiff to great ex-
pense, litigation and annoyance in the courts of Kentucky, has,
within the year last past, falsely, wrongfully, and for the pur-
pose of defrauding her and practicing a fraud upon the courts
of Kentucky, and with the intent to evade the laws of Ohio,
and in disregard of the rights of the plaintiff, pretended to have
a residence in the city of Newport, Campbell county, Kentucky,
and has on the 7th day of April, 1915, commenced an action in
the Campbell County Circuit Court against the plaintiff for
divorce.

On the application of the plaintiff the court granted a tem-
porary restraining order, enjoining the defendant from taking
further steps in the prosecution of his action in the Circuit
Court of Campbell County, Kentucky, and from prosecuting
any action against the plaintiff for divorce in any county, or in
any state or country other than in the courts of the state of Ohio.

On May 3d the defendant filed a motion to modify the tem-
porary restraining order by dissolving and vacating as much
thereof as restrained him from taking any further steps in the
progress of the action in the Campbell County Circuit Court
of Kentucky, and from prosecuting any action against plaintiff
for divorce in any court, in any state or country other than in
the courts of the state of Ohio.

The motion came on for hearing and the parties adduced
evidence by affidavit, depositions and oral testimony.

The court finds on the evidence adduced that the defendant
was a resident of the state of Kentucky for the requisite time
provided by statute for the filing of a petition for divorce in
said state.

The court further finds, however, that the defendant within
three days after the requisite time for residence, provided by the
statute of Kentucky, filed his suit for divorce against the plaint-
iff in this cause, and that he became a resident of the state of
Kentucky for the sole and express purpose of obtaining a di-
vorce in said state.

It has been uniformly held, both by the federal courts and
the courts of various states that when a resident of one state

goes to another state and takes up his residence there, and as soon as he is able to do so, files a suit for divorce, that the inference that he became a resident of such foreign state for the purpose, solely, of securing a divorce, is "violent, if not conclusive."

The court does not consider it necessary in this opinion to cite and comment on the many cases in which it is held that under facts similar to these in this case, the defendant's residence in a foreign state is not _bona fide_. We will mention but a few of the leading cases.

The case of _Streitwolf_ v. _Streitwolf_, 181 U. S., page 179, is a case substantially analogous to the case at bar. A party had became a resident of the state of North Dakota, and as soon as he was able to do so filed a suit and obtained a divorce. In the meantime the wife had filed a petition in the court of New Jersey, praying for an injunction against the enforcement of the decree in North Dakota, and alleging that the domicile of both parties was in New Jersey. The injunction was granted and the cause finally reached the federal court where it was held that the decree in North Dakota was void for want of jurisdiction of the subject-matter, and of the wife as a party, and was procured by fraud and in contempt of the chancery court of New Jersey.

This decision affirmed the decree of the court of errors and appeal of the state of New Jersey, 58 N. J. Eq., 683.

The opinion in 181 U. S., 179, is as follows:

"This case must follow _Bell_ v. _Bell_, 181 U. S., 175. The law of North Dakota requires a domicile in _good faith_ of the libellant for ninety days as a pre-requisite to jurisdiction of a case of divorce. The facts in evidence warranted _and indeed required_, the finding that the husband had no _bona fide_ domicile in the state of North Dakota, when he obtained a divorce there; and it is not pretended that the wife had an independent domicile in North Dakota, or was ever in that state. The court of that state therefore had no jurisdiction and the judgment is affirmed."

In the opinion in the case of _Dickinson_ v. _Dickinson_, 167 Mass., 477, it is said:

"It often has been held by this court, that the fact that a man abandons his wife and goes into another state, and there applies for a divorce soon after he is able to do so, warrants the inference that he goes there for that purpose. *Lyon* v. *Lyon*, 2 Gray, 367; *Chase* v. *Chase*, 6 Gray, 157-162. In *Smith* v. *Smith*, 13 Gray, 209, the presumption arising from such a fact is said by Chief Justice Shaw to be 'violent, if not conclusive.' See also *Sewall* v. *Sewall*, 122, Mass., 156."

In *Forest* v. *Forest*, 2nd Ed. (N. Y.), page 180, it is stated in the syllabus:

"Where both parties are residents in this state the injunction will issue to restrain one of them from instituting and carrying on proceedings in another state to obtain a divorce.

"So in case one of the parties changes his residence to another state, in order to institute a suit in the courts of that state.

"Where parties are resident in this state, and one of them removes to another state for the purpose of obtaining a divorce and remains there the length of time necessary to give its court jurisdiction, and obtains there a divorce, it will be of no effect in this state, and will be disregarded by our courts, as obtained in fraud of the law."

The cases cited by counsel for the defendant have reference more particularly to that which constitutes the domicile of a party; however, these cases are not applicable in all respects to the case at bar inasmuch as the court has found that the defendant in this case did not have a *bona fide* residence and domicile in the state of Kentucky and that he became a resident of the state of Kentucky for the sole purpose of obtaining a divorce, in disregard of the rights of the plaintiff who is a resident of the state of Ohio.

It is further stated by counsel for the defendant that the plaintiff can not be harmed by any action taken in the court of Kentucky, and that she will suffer no irreparable injury if she submits to the jurisdiction of the court of Kentucky. It may be said in this connection that the facts in this case disclose that previous to the filing of her suit for divorce in this state, and previous to the filing of the suit for divorce on the part of the

defendant in the state of Kentucky, that by order of the Court of Common Pleas of Franklin County, Ohio, a decree for alimony had been entered, wherein it is ordered that the defendant pay the plaintiff a stipulated sum of money per month. The order for alimony was obtained on the aggression of the husband and is now in full force and effect.

Should the plaintiff in this case be obliged to submit to the jurisdiction of the court of Campbell county, Kentucky, she would be bound by a decree of the Kentucky court and could not afterwards maintain an action in this state to recover any unpaid installments under her decree for alimony. The Supreme Court of this state has passed upon this matter in the case of *Gilbert* v. *Gilbert*, 83 O. S., 265, wherein it is held:

"Where a wife enters her appearance in a proceeding against her for divorce, in a court of another state, and asks for and is granted alimony in said proceedings, having set up therein her rights under a prior decree for alimony payable in installments in a suit for alimony alone in a court of this state, she is bound by the decree of the foreign court and can not afterwards maintain an action in this state to recover the unpaid installments under the prior decree."

In conclusion the court finds that the defendant in this case is not a *bona fide* resident of the state of Kentucky; that his entering suit in said state for a divorce is *in fraudem legis* and must be disregarded. The motion to modify the temporary restraining order therefore is overruled.